# IN THE COURT OF APPEALS OF IOWA

No. 15-0026
Filed April 8, 2015

**IN THE INTEREST OF H.H.,**
**Minor Child,**

**B.H., Father,**
**Appellant,**

**M.K., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

A mother and father appeal the termination of their parental rights to a child, born in 2009. **AFFIRMED ON BOTH APPEALS.**

Todd E. Babich of Babich Goldman, P.C., Des Moines, for appellant father.

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

Charles Fuson of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

A father and mother appeal the termination of their parental rights to their child, born in 2009.  The father contends the record lacks clear and convincing evidence to support the grounds for termination cited by the juvenile court.  The mother raises the same argument and also contends termination was not in the child's best interests, she should have been granted a six-month extension to work towards reunification, and the court should have invoked certain exceptions to termination.  On our de novo review, we are not persuaded by these arguments.

The parents have an extensive history of abusing a variety of illegal substances, most recently methamphetamine.  The Department of Human Services intervened four months after the child's birth.  The child was removed and placed with a relative, and the State filed a child-in-need-of-assistance petition.

The department afforded the parents a litany of services to facilitate reunification and saw temporary success with both father and mother, who were then separated.  Indeed, the father made so much progress that the child was placed with him on an interim basis.  The juvenile court subsequently returned the child to his mother's custody and closed the child-in-need-of-assistance action.

In 2013, the department filed another child-in-need-of-assistance petition, again based on substance abuse.  The court placed the child with the relative who cared for him during the first proceeding.  Within a year, the child was

returned to his mother. The juvenile court granted the district court concurrent jurisdiction to litigate custody.

Both parents took an active role in the care of their son. Both parents returned to methamphetamine use. The juvenile court ordered the removal of the child from the mother's custody. He was transferred back to the relative's home, where he remained through the termination hearing.

The parents' cycle of treatment, relapse, more treatment, and more relapse was the norm for most of the child's life. The department reported the parents were involved with the agency "for approximately 40 months out of the 68 months" of the child's life. In the department's view, the parents did not make "the behavioral or life changes necessary to enable them to safely parent and provide for [the child] on a consistent basis long-term." We concur in this assessment.

The juvenile court terminated the father's parental rights pursuant to more than one statutory provision. We find clear and convincing evidence to support termination under Iowa Code section 232.116(1)(f) (2013) (requiring proof of several elements including proof the child could not be returned to the parent's custody). *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) (holding we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm). The father was in a criminal, court-ordered treatment program at the time of the termination hearing. He was the subject of pending drug and theft charges that could result in sentences totaling fourteen years. He conceded he could not immediately have the child returned to his care. *See In re*

*A.M.*, 843 N.W.2d 100, 111 (Iowa 2014) ("At the present time" means at the time of the termination hearing).

The juvenile court terminated the mother's parental rights pursuant to more than one statutory provision. We find clear and convincing evidence to support termination under Iowa Code section 232.116(1)(*l*) (requiring proof the child was adjudicated in need of assistance, the parent "has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts," and "[t]here is clear and convincing evidence that the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home."). The mother conceded she relapsed in May 2013. The mother sought outpatient treatment. She completed the treatment program in June, only to relapse "right after [she] graduated from that program." Notably, the mother previously participated in an eighteen-month residential treatment program, but returned to drug use shortly after completing the program. While her drug counselor and mental health counselor described her prospect of staying off drugs as "very good," the mental health counselor also stated he would be confident in her stability if she could demonstrate the changes six months after she was discharged from his intensive outpatient treatment program. The mother failed to demonstrate this type of stability following prior discharges, and her conceded drug use while caring for the child placed the child in danger. Given the mother's four-year unsuccessful effort to maintain sobriety, we conclude the child could not be returned to her custody within a reasonable period of time and section 232.116(*l*) was proved.

We next address whether termination of the parents' rights to the child was in the child's best interests, an issue only expressly raised by the mother but that also permeates the father's argument. *See* Iowa Code § 232.116(2); *see also In re P.L.*, 778 N.W.2d 33, 37-38 (Iowa 2010). There is no question the child shared a strong bond with the parents. The bond was confirmed by the child's therapist, who recommended a six month extension to facilitate reunification. She noted the child "talk[ed] a lot about wanting his family back, wanting dad back, and things to go back to normal." At the same time, the therapist acknowledged the relative who stepped in to care for the child was the most stable person in the child's life. She also detailed significant upheavals in the child's emotional state following removals from his parents, including depression, anxiety, and confusion. In light of the many reunification opportunities afforded the parents and the many relapses, we conclude termination of their parental rights was in the child's best interests.

For the same reasons, we conclude the mother was not entitled to a six-month extension to facilitate reunification and the juvenile court appropriately declined to invoke any of the statutory exceptions to termination. *See* Iowa Code §§ 232.104(2)(b), .116(3). We affirm the termination of the parents' rights to this child.

**AFFIRMED ON BOTH APPEALS.**